DECISION AND JUDGMENT ENTRY
{¶ 1} Cheryl L. Swain appeals the trial court's decision adopting Rick Swain's shared parenting plan in this divorce action. She contends that (1) the trial court's shared parenting order is not in the children's best interest, (2) the trial court erred by considering appellee's shared parenting plan because it was not filed within the R.C. 3109.04(G) thirty-day timeframe, and (3) the trial court's shared parenting order is invalid because the court did not enter appropriate findings of fact and conclusions of law, under R.C. 3109.04(D)(1)(a)(iii), to support its decision to adopt Mr. Swain's shared parenting plan.
 {¶ 2} Because appellant did not object to appellee's untimely filed shared parenting plan, she waived any error regarding the issue. Even if she had properly objected and preserved the issue for appellate review, the trial court did not abuse its discretion by considering appellee's untimely filed shared parenting plan when appellant had adequate opportunity to respond to it at the hearing. However, because the court did not enter R.C. 3109.04(D)(1)(a)(iii) findings of fact and conclusions of law to justify its decision to adopt the shared parenting plan, we reverse and remand the trial court's judgment. Appellant's remaining argument is moot.
 {¶ 3} The parties married in July of 1992 and subsequently had two children: Trey M. Swain, born July 15, 1996, and Colby E. Swain, born October 8, 2001. In January of 2003, appellee filed for divorce.
 {¶ 4} Initially, the parties agreed to a temporary parenting arrangement that provided Ms. Swain had custody of the children four nights per week and Mr. Swain had the children three nights.
 {¶ 5} On November 6, 2003, Mr. Swain filed a shared parenting plan that essentially followed the parties' temporary arrangement, except that his plan provided that every other week, he would have custody of the children for four nights.
 {¶ 6} At the November 13, 2003 hearing, the sole issue was how to allocate parental rights and responsibilities. Mr. Swain proposed shared parenting, while Ms. Swain objected to his plan. Mr. Swain testified that the children had adapted to the temporary arrangement and that he had not noticed any adverse effects resulting from the parenting arrangement.
 {¶ 7} Ms. Swain stated that the parenting arrangement had negatively affected the children, most obviously, the younger child. She explained: "Uh, he had a very difficult time uh, weaning from the bottle. I believe he was 1 and ½ before we actually weaned him from the bottle. Uh, his sleeping arrangements haven't been very good. He doesn't * * * he doesn't sleep through the night very often. He wakes up crying and yelling for Mom or sometimes Dad. Uh, he constantly needs to know where I am. Uh, I have to bring him with me in the bathrooms and different things like that. Uh, my oldest child uh, has had some nightmares, but those have pretty much stopped. Uh, my biggest problem with him is uh, discipline. He * * * he needs structure. And he's very hard to handle immediately after custody changes. He doesn't want to brush his teeth. He won't * * * the routines — laying out his clothes and all those things are battles. Uh, he uh, * * * there's just no routine. Even sitting down at the table to eat dinner is difficult. Uh, he doesn't want to sit. He doesn't want to eat anything that's fixed. Uh, it takes a good 48-hours before the routine gets back in to where he's getting ready for school and getting his stuff ready the night before and he eats dinner and those kind[s] of things. It's about 48-hours before things start running smoothly again. And at that point, you know, we start back over it during the next visitation. We have to start back."
 {¶ 8} She stated that when she and appellee still lived together, the older boy "used to always lay out his clothes. He used to get his stuff done the night before for school. Uh, they both ate better. Uh, they would eat meals as opposed to just a snack — wanting to snack all the time." She would prefer to have a more structured parenting arrangement that would allow the children to have a routine. She requested to have them on school nights so that they could sleep in the same bed and follow the same evening routine.
 {¶ 9} Mr. Swain disputed Ms. Swain's account, stating that the younger child is fine when visiting with him and that he has not noticed any sleeping problems. He further testified that he has not noticed the older child having problems brushing his teeth or preparing for school.
 {¶ 10} The court subsequently entered a divorce decree and determined that shared parenting would serve the children's best interest. The court adopted Mr. Swain's proposed shared parenting plan.
 {¶ 11} Ms. Swain appealed the trial court's judgment and raises the following assignments of error: "First Assignment ofError: The trial court erred by issuing a shared parenting order in the case at hand due to the fact that shared parenting is not in the best interest of the parties' minor children and thus contrary to Ohio Revised Code 3109.04(B)(1) and (D)(1). SecondAssignment of Error: Further, the trial court erred in that it did not enter in the record findings of fact and conclusions of law as to the reasons for the approval of appellee's shared parenting plan as required by Ohio Revised Code3109.04(D)(1)(a)(iii)."
 {¶ 12} Within her two assignments of error, she advances three primary arguments.[1] She contends that (1) the trial court's shared parenting order is not in the children's best interest, (2) the trial court erred by considering appellee's shared parenting plan because it was not filed within the R.C.3109.04(G) thirty-day timeframe, and (3) the trial court's shared parenting order is invalid because the court did not enter R.C.3109.04(D)(1)(a)(iii) findings of fact and conclusions of law in support of its decision to adopt Mr. Swain's shared parenting plan. Because our resolution of her third argument renders her first argument moot, we will not address it. See App.R. 12(A)(1)(c) and our discussion below.
 {¶ 13} Ms. Swain contends that the trial court erred by considering Mr. Swain's shared parenting plan because he did not file it within the thirty-day time period set forth in R.C.3109.04(G). R.C. 3109.04(G) requires a party to file a shared parenting plan either with the divorce petition or at least thirty days before the hearing on the issue of parental rights and responsibilities. However, the statute "does not create an inflexible rule requiring all shared parenting plans to be submitted thirty days before trial — a judge has discretion to grant leave to file an untimely plan, as long as due process rights are protected by allowing the opposing party adequate opportunity to address the issue and present relevant evidence at trial." Hampton-Jones v. Jones (Aug. 9, 2001), Cuyahoga App. Nos. 77279 and 77412 (citing Harris v. Harris (1995),105 Ohio App.3d 671, 674, 664 N.E.2d 1304). Thus, when considering an untimely filed shared parenting plan, the court's "critical inquiry is * * * whether [the party opposing the shared parenting plan] had an adequate opportunity to respond to the plan so that [the party's] due process right [are] protected. Harris,105 Ohio App.3d at 674.
 {¶ 14} In this case, however, Ms. Swain did not object to the untimely filed shared parenting plan. Thus, she waived the issue. See, e.g., Stores Realty Co. v. Cleveland (1975),41 Ohio St.2d 41, 43, 322 N.E.2d 629 ("Ordinarily, errors which arise during the course of a trial, which are not brought to the attention of the court by objection or otherwise, are waived and may not be raised upon appeal."). Even had she not waived the issue for appellate review, the trial court could have exercised its discretion to consider the untimely filed shared parenting plan if it determined that Ms. Swain had adequate opportunity to respond to it at the hearing.
 {¶ 15} Appellant next asserts that the trial court erred by failing to enter R.C. 3109.04(D)(1)(a)(iii) findings of fact and conclusions of law.
 {¶ 16} Appellate courts presume that a trial court's decision regarding child custody matters is correct. Miller v. Miller
(1988), 37 Ohio St.3d 71, 74, 523 N.E.2d 846. We will not reverse a child custody decision that is supported by a substantial amount of competent and credible evidence absent an abuse of discretion. Bechtol v. Bechtol (1990), 49 Ohio St.3d 21,550 N.E.2d 178, syllabus. An abuse of discretion constitutes more than an error of law or judgment, and implies that the trial court acted unreasonably, arbitrarily, or unconscionably.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. While a trial court's discretion in a custody proceeding is broad, it is not absolute, and the trial court must follow the procedure described in R.C. 3109.04 when making custody decisions. Miller, 37 Ohio St.3d at 74.
 {¶ 17} R.C. 3109.04 governs the allocation of parental rights and responsibilities in divorce proceedings and requires the court to consider the children's best interest.[2] See R.C.3109.04(B)(1). Either parent may request that the court order shared parenting. See R.C. 3109.04(D)(1)(a). When only one parent requests shared parenting, R.C. 3109.04(D)(1)(a)(iii) sets forth the specific procedure the trial court should follow. The statute requires the court to enter findings of fact and conclusions of law if it approves or denies the parent's shared parenting plan. See id. (stating "[i]f the court approves a plan under this division, * * * the court shall enter in the record of the case findings of fact and conclusions of law as to the reasons for the approval or the rejection or denial"); see, also, Harris v.Harris (1995), 105 Ohio App.3d 671, 678-79, 664 N.E.2d 1304;Matter of Docie (Mar. 24, 1998), Athens App. No. 97CA19.
 {¶ 18} However, this does not mean that the trial court must provide a detailed analysis. Instead, the court may substantially comply with the statute if its reasons for approval or denial of the shared parenting plan are apparent from the record. See Inre Minnick, Madison CA2003-01-001, 2003-Ohio-4245; Winkler v.Winkler, Franklin App. Nos. 02AP-937, 02AP-1267, 2003-Ohio-2418;Hall v. Hall (May 29, 1997), Union App. No. 14-97-03.
 {¶ 19} Here, we are unable to discern the reason underlying the court's decision to adopt appellee's shared parenting plan. The court offered no factual findings or legal conclusions, other than a conclusory statement that the court found appellee's shared parenting plan to be in the children's best interest. The court simply stated: "Upon review of the evidence and the record, the Court finds that it would be in the best interest of the minor children to adopt [appellee]'s Shared Parenting Plan previously filed herein." This statement is not sufficient to comply with R.C. 3109.04(D)(1)(a)(iii). See Minnick, supra;Theiss v. Theiss (Apr. 11, 2001), Wayne App. No. 00CA22;Docie, supra. Thus, the trial court erred in failing to state its reasons for approving the plan.
 {¶ 20} Mr. Swain claims that Ms. Swain waived the issue regarding the trial court's failure to enter factual findings and conclusions of law because she did not file a Civ.R. 52 request. Civ.R. 52 states that a trial court's judgment may be general unless one of the parties requests separate findings of fact and conclusions of law. However, when a statute explicitly requires findings of fact and conclusions of law, a party's failure to file a Civ.R. 52 request does not result in waiver. A party should not be deemed to waive that which a statute expressly requires. See Schaeffer v. Schaeffer, Hamilton App. Nos. C-020721, C-020722, C-020723, C-030255, C-030385, 2004-Ohio-2032;Morrison v. Alexander, Adams App. No. 01CA727, 2002-Ohio-4346.
 {¶ 21} Here, the trial court did not enter R.C.3109.04(D)(1)(a)(iii) factual findings or conclusions of law. The court's reasoning is not apparent from the record. Therefore, we reverse the trial court's judgment and remand so that the court can enter proper factual findings and conclusions of law. The remaining argument is moot.
Judgment reversed and remanded.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND REMANDED and that Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pike County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. Kline, J.: Concur in Judgment and Opinion.
[1] Appellant did not separately argue her assignments of error as App.R. 16 requires.
[2] R.C. 3109.04(F) sets forth the best interest factors that a court must consider: "(1) In determining the best interest of a child pursuant to this section, whether on an original decree allocating parental rights and responsibilities for the care of children or a modification of a decree allocating those rights and responsibilities, the court shall consider all relevant factors, including, but not limited to: (a) The wishes of the child's parents regarding the child's care; (b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court; (c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest; (d) The child's adjustment to the child's home, school, and community; (e) The mental and physical health of all persons involved in the situation; (f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights; (g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor; (h) Whether either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of an adjudication; whether either parent previously has been convicted of or pleaded guilty to a violation of section 2919.25
of the Revised Code involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent previously has been convicted of or pleaded guilty to any offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child; (i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court; (j) Whether either parent has established a residence, or is planning to establish a residence, outside this state. (2) In determining whether shared parenting is in the best interest of the children, the court shall consider all relevant factors, including, but not limited to, the factors enumerated in division (F)(1) of this section, the factors enumerated in section 3119.23 of the Revised Code, and all of the following factors: (a) The ability of the parents to cooperate and make decisions jointly, with respect to the children; (b) The ability of each parent to encourage the sharing of love, affection, and contact between the child and the other parent; (c) Any history of, or potential for, child abuse, spouse abuse, other domestic violence, or parental kidnapping by either parent; (d) The geographic proximity of the parents to each other, as the proximity relates to the practical considerations of shared parenting; (e) The recommendation of the guardian ad litem of the child, if the child has a guardian ad litem."