[Cite as *Gould v. Gould*, 2017-Ohio-7047.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| KRISTI GOULD | C.A. No. 28410 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MATTHEW GOULD | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | CASE No. 2013-10-3052 |

DECISION AND JOURNAL ENTRY

Dated: August 2, 2017

TEODOSIO, Judge.

{¶1} Kristi Gould appeals the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, granting a divorce decree and ruling on objections to the magistrate's decision. We affirm.

I.

{¶2} In 2013, Matthew Gould filed a complaint for divorce from Kristi Gould. On April 6, 2015, Mr. Gould filed a shared parenting plan with the trial court, and on April 8, 2015, a trial was held before a magistrate. A magistrate's decision was issued in August 2015, to which Ms. Gould filed objections and Mr. Gould filed his response. On October 4, 2016, the trial court entered its judgment entry granting a decree of divorce and ruling on objections. In its entry, the trial court rejected the shared parenting plan set forth by the magistrate, and instead adopted the shared parenting plan submitted by Mr. Gould on April 6, 2015. The entry also set

forth $0 for child support. Ms. Gould now appeals to this Court, raising two assignments of error.

II.

ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ERRED BY APPROVING A SHARED PARENTING PLAN IN VIOLATION OF OHIO REVISED CODE SECTION 3109.04(G).

{¶3} Ms. Gould argues the trial court erred in adopting a shared parenting plan that was filed two days before trial, rather than at least 30 days prior to hearing as provided for by R.C. 3109.04(G). We disagree.

{¶4} "A trial court's decision to adopt a shared parenting plan is reviewed under an abuse of discretion standard." *Braidy v. Braidy*, 9th Dist. Summit No. 26608, 2013–Ohio–5304, ¶ 22. An abuse of discretion implies that a trial court was unreasonable, arbitrary or unconscionable in its judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). As a reviewing court applying the abuse of discretion standard, we may not substitute our judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶5} R.C. 3109.04(G) provides, in pertinent part:

The plan for shared parenting shall be filed with the petition for dissolution of marriage, if the question of parental rights and responsibilities for the care of the children arises out of an action for dissolution of marriage, or, in other cases, at a time at least thirty days prior to the hearing on the issue of the parental rights and responsibilities for the care of the children.

Ms. Gould contends that the trial court erred in adopting the shared parenting plan filed two days before trial because the plan was not filed at least thirty days prior to the hearing on parental rights and responsibilities, as required by R.C. 3109.04(G).

{¶6} "[T]he requirement in R.C. 3109.04(G) that a shared parenting plan must be filed at least thirty days prior to the hearing on parental rights and responsibilities is directory, not

mandatory." *Harris v. Harris*, 105 Ohio App.3d 671, 674 (2d Dist.1995). This provision is not intended to divest the trial court of a reasonable degree of flexibility in considering shared parenting plans, and a trial court, within its discretion, may relieve a party of the statutory deadline and grant a request to file a plan within thirty days of a hearing. *Id. Accord Siegel v. Siegel*, 1st Dist. Hamilton No. C-140296, 2015-Ohio-1710, ¶ 9; *Clouse v. Clouse*, 3d Dist. Seneca No. 13-08-40, 2009-Ohio-1301, ¶ 35; *Swain v. Swain*, 4th Dist. Pike No. 04CA726, 2005-Ohio-65, ¶ 13; *In re Minnick*, 12th Dist. Madison No. CA2003-01-001, 2003-Ohio-4245, ¶ 12; *Hampton-Jones v. Jones*, 8th Dist. Cuyahoga Nos. 77279, 77412, 2001 WL 902785, *4 (Aug. 9, 2001). However, the statutory deadline does implicate the right to due process, and the critical inquiry is thus whether a party had an adequate opportunity to respond to the plan. *Harris* at 674.

{¶7} Mr. Gould argues that Ms. Gould has waived her argument as to the timeliness of the proposed shared parenting plan because it was not raised as an objection to the magistrate's decision. At trial, Ms. Gould objected to the admission into evidence of the shared parenting plan on the basis that it was not approved by Family Court Services; however, no mention was made as to the timeliness of its filing. Because Ms. Gould did not object to the timeliness of the shared parenting plan, she has waived the issue. *See, e.g., Stores Realty Co. v. Cleveland*, 41 Ohio St.2d 41, 43 (1975) ("Ordinarily, errors which arise during the course of a trial, which are not brought to the attention of the court by objection or otherwise, are waived and may not be raised upon appeal.").

{¶8} Likewise, Ms. Gould did not raise the issue in her objections to the magistrate's decision, whereby Ms. Gould argued: "This shared parenting plan did not follow the rules of the court and was not approved by the Family Court Services." Again, this statement is not followed

by any discussion or mention of R.C. 3109.04(G) or the timeliness of the filing of the shared parenting plan. Even if Ms. Gould had not waived the issue for review, however, the trial court could have exercised its discretion to consider the untimely filed shared parenting plan if it determined that Ms. Gould had adequate opportunity to respond to it at the hearing. As we have noted, the issue was not raised for the trial court to consider.

{¶9} Ms. Gould's first assignment of error is overruled.

ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ERRED BY IMPROPERLY SPECULATING DEFENDANT'S BONUS STRUCTURE AND UTILIZING SAID FIGURE TO CONCLUDE A DISPARITY OF INCOME IN AWARDING NO CHILD SUPPORT.

{¶10} In her second assignment of error, Ms. Gould argues that the trial court erred in extrapolating her income bonuses for the entire year in the amount of $8,000.00 based upon her 2015 first quarter bonus in the amount of $2,000.00. We disagree.

{¶11} At trial, Ms. Gould testified that she was employed by Snelling in Akron, Ohio, and earned a salary of $40,000.00 per year. She further testified that she was eligible to receive bonuses "contingent upon [her] boss' work." She also testified that she received a bonus of "almost" $2,000.00 for the first quarter of 2015. With regard to the amounts of future bonuses for 2015, she testified that if her boss continued to get the same cash-in as collected for the first quarter of 2015, then she would get the same bonus of almost $2,000.00 for each quarter. A pay stub from March 2015 was entered into evidence, and was the only evidence of Ms. Gould's income entered as an exhibit.

{¶12} In its October 4, 2016 judgment entry, the trial court found as follows:

Defendant has [a] base salary of $40,000 per year. She is eligible for a bonus of $2,000 per quarter which is contingent on her boss's work. Defendant testified that she had already received her first quarter bonus of $2,000 and that all things

being equal she would make $48,000. The court finds that defendant will gross $48,000 for 2015.

Ms. Gould argues that the trial court failed to calculate any bonuses in accordance with R.C. 3119.05(D), which provides:

> When the court or agency calculates the gross income of a parent, it shall include the lesser of the following as income from overtime and bonuses:
>
> > (1) The yearly average of all overtime, commissions, and bonuses received during the three years immediately prior to the time when the person's child support obligation is being computed;
> >
> > (2) The total overtime, commissions, and bonuses received during the year immediately prior to the time when the person's child support obligation is being computed.

While Ms. Gould is accurate in stating that the trial court did not utilize either provision of R.C. 3119.05(D) to determine income from bonuses, it does not appear from the record that Ms. Gould submitted any evidence through which the trial court could have accurately made calculations in accordance with R.C. 3119.05(D). Ms. Gould cannot rely on her failure to submit this information to now argue the trial court failed to consider such information.

{¶13} Ms. Gould also argues the trial court was required to make a finding that she was unemployed or underemployed when it included potential future bonuses in its determination of her income. This argument is misplaced. Such a finding is necessary for imputing "potential income" as defined under R.C. 3119.01(C)(11), which defines "potential income" as '[i]mputed income that the court or agency determines the parent would have earned if fully employed" or "[i]mputed income from any nonincome-producing assets of a parent, as determined from the local passbook savings rate or another appropriate rate." Neither of these options is applicable to the trial court's use of Ms. Gould's first quarter bonus to extrapolate a yearly average for bonuses based upon the only evidence of her income submitted to the court.

**{¶14}** Ms. Gould's second assignment of error is overruled.

III.

**{¶15}** Ms. Gould's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

——

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

CARR, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

DARREN W. DEHAVEN, Attorney at Law, for Appellant.

MICHAEL J. GRUBER, Attorney at Law, for Appellee.