[Cite as *Shinski v. Shinski*, 2018-Ohio-4255.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| NICOLE S. SHINSKI, | : | |
| Plaintiff-Appellant, | : | CASE NO. CA2018-01-014 |
| | : | O P I N I O N |
| - vs - | | 10/22/2018 |
| | : | |
| MICHAEL J. SHINSKI, | : | |
| Defendant-Appellee. | : | |


APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 16DR39177


Rittgers & Rittgers, Juliette Gaffney Dame, 12 East Warren Street, Lebanon, Ohio 45036, for plaintiff-appellant

A. Aaron Aldridge, 130 East Mulberry Street, Lebanon, Ohio 45036, for defendant-appellee

Lauren L. Clouse, 7681 Tylers Place Blvd., Suite 3, West Chester, Ohio 45069, guardian ad litem


**HENDRICKSON, J.**

{¶ 1} Plaintiff-appellant, Nicole S. Shinski ("Mother"), appeals from a decision of the Warren County Court of Common Pleas, Domestic Relations Division, adopting the shared parenting plan of defendant-appellee, Michael J. Shinski ("Father"), upon the parties' divorce. For the reasons set forth below, we affirm the trial court's decision.

{¶ 2} Mother and Father were married in January 2004, and three children were born during their marriage. The parties separated in August 2016. Shortly thereafter, Mother obtained a civil protection order against Father due to the excessive number of text messages he was sending her. The protection order limited Father to sending a maximum of three text messages a day to Mother.

{¶ 3} In October 2016, Mother filed a complaint for divorce. Father filed an answer and counterclaim for divorce. The parties reached an agreement on a number of issues related to the dissolution of their marriage but were unable to reach an agreement as to custody of their children.

{¶ 4} In February 2017, a guardian ad litem ("GAL") was appointed by the court. In May 2017, the GAL issued an initial report in which she recommended shared parenting of the parties' children, with "Mother receiv[ing] the final decision-making ability should shared parenting be granted." However, if shared parenting was not agreeable, the GAL recommended that Mother be named residential parent and legal custodian of the children, with Father receiving parenting time in accordance with Warren County's "Basic II" Parenting Schedule. On December 8, 2017, the GAL filed a supplemental report. In this report, the GAL noted that "things [between the parties] have only deteriorated rather than gotten better." The GAL stated she would "still like to see the parties enter into a [s]hared [p]arenting [p]lan with Mother hav[ing] the final decision-making ability but, at this time, [she did] not feel the factors weigh[ed] in favor of such." The GAL therefore recommended that Mother receive custody of the children and Father be given parenting time with the children in accordance with the "Basic II" parenting schedule.

{¶ 5} On December 11, 2017, the day before the final hearing, Father filed a proposed shared parenting plan with the trial court. The next day, the trial court heard testimony from the GAL, Mother, and Father. The GAL reiterated the parenting

recommendation set forth in her supplemental report. Mother testified she wanted to be named the sole residential parent of the children and that she found Father's lengthy and excessive text messaging exhaustive, "pushy" and bullying in nature, and not necessary to the children's well-being. Father testified that he wanted the parties to be named co-residential parents and for the court to adopt his shared parenting plan. Father acknowledged he and Mother have different approaches to communication. Father testified that he did not feel like Mother engaged in "much back and forth dialogue or discussion back and forth" with regard to issues that affected the children. Rather, Father felt like he was "left spinning [his] wheels" while Mother made decisions on her own.

{¶ 6} Father's proposed shared parenting plan was admitted as an exhibit at the hearing over Mother's objection that the plan had not been filed within the time requirements set forth in R.C. 3109.04(G). In admitting the proposed shared parenting plan as an exhibit, the court stated:

> THE COURT: I want to make it clear I'm admitting it in this case because throughout the discussions the concept of shared parenting has been discussed. I agree we're not finished until we get to the end. My point is, I don't believe the concept of shared parenting is a shock today. I don't have any evidence that it's a shock.
>
> * * *
>
> My point is on July 11th of this year there was a discussion about the concept of shared parenting[.] * * * I have no intention of * * * surprising anybody with that. That's not what I'm doing here today. In this case that's been talked about. The plan should have been filed more than thirty days ago. It was not. I'm at least overruling the objection to allow it as a potential, nothing more for right now.

{¶ 7} At the conclusion of the hearing, the trial court ruled from the bench that it was granting shared parenting. Mother filed a motion asking the court to issue findings of fact and conclusions of law regarding its decision to grant shared parenting. Mother specifically

requested that the trial court "state the grounds for which [R.C.] 3109.04(G) revised in 2011 is not mandatory in this court."

{¶ 8} On December 18, 2017, the trial court issued its findings of fact and conclusions of law, in which it noted that the 30-days' notice requirement of R.C. 3109.04(G) is directory, rather than mandatory. The court further noted that "a sufficient amount of discussion" about shared parenting had occurred in the case, stating:

> THE COURT: [T]hroughout this lengthy case, the concept of [s]hared [p]arenting has always been discussed. In fact, when the Court had an in-court pre-trial in June 2017, the parents indicated they had agreed to it. Also, a prior report from the guardian ad litem recommended [s]hared [p]arenting. As a result, Mother was not prejudiced at trial by having to defend Father's suggestion of [s]hared [p]arenting.

Finally, in granting Father's request for shared parenting, the court stated it had considered all the factors in R.C. 3109.04(F)(1) and (F)(2). On January 12, 2018, the court issued its final judgment entry, decree of divorce, and decree of shared parenting.

{¶ 9} Mother appealed, raising the following as her sole assignment of error:

{¶ 10} THE TRIAL COURT ERRED WHEN IT IMPOSED SHARED PARENTING AGAINST THE WISHES OF A PARTY AND AGAINST THE MANDATORY REQUIREMENTS IMPOSED BY OHIO REVISED CODE § 3109.04(G) REQUIRING A PARTY TO SUBMIT A PROPOSED SHARED PARENTING PLAN THIRTY (30) DAYS AHEAD OF A FINAL HEARING.

{¶ 11} In her sole assignment of error, Mother argues the trial court erred in adopting Father's proposed shared parenting plan as it was filed only one day before trial, rather than at least 30 days prior to the hearing as required by R.C. 3109.04(G). She further contends that shared parenting is not in the children's best interest.

{¶ 12} A trial court's decision to adopt a shared parenting plan is reviewed under an abuse of discretion standard. *Seng v. Seng*, 12th Dist. Clermont No. CA2007-12-120, 2008-

- 4 -

Ohio-6758, ¶ 10; *Gould v. Gould*, 9th Dist. Summit No. 28410, 2017-Ohio-7047, ¶ 4. An abuse of discretion is more than an error of law or judgment; it implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "When applying the abuse-of-discretion standard, a reviewing court may not substitute its judgment for that of the trial court." *Valentine v. Valentine*, 12th Dist. Butler No. CA2004-01-024, 2005-Ohio-2366, ¶ 42, citing *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶ 13} R.C. 3109.04(G) provides, in pertinent part, as follows:

> The plan for shared parenting shall be filed with the petition for dissolution of marriage, if the question of parental rights and responsibilities for the care of the children arises out of an action for dissolution of marriage, or, in other cases, *at a time at least thirty days prior to a hearing* on the issue of the parental rights and responsibilities for the care of the children.

(Emphasis added.)

{¶ 14} As this court has previously recognized, the requirement in R.C. 3109.04(G) that a shared parenting plan must be filed at least 30 days prior to the hearing on parental rights and responsibilities is directory, not mandatory. *In re Minnick*, 12th Dist. Madison No. CA2003-01-001, 2003-Ohio-4245, ¶ 12, citing *Harris v. Harris*, 105 Ohio App.3d 671, 674 (2d Dist.1995). *Accord Gould* at ¶ 6; *Glendell-Grant v. Grant*, 8th Dist. Cuyahoga No. 105895, 2018-Ohio-1094, ¶ 12; *Siegel v. Siegel*, 1st Dist. Hamilton No. C-140296, 2015-Ohio-1710, ¶ 8; *Clouse v. Clouse*, 3d Dist. Seneca No. 13-08-40, 2009-Ohio-1301, ¶ 35; *Swain v. Swain*, 4th Dist. Pike No. 04CA726, 2005-Ohio-65, ¶ 13. "Instead of creating an inflexible rule requiring all plans to be submitted 30 days before trial, a judge has discretion to grant leave to file an untimely plan, as long as due process rights are protected by allowing the opposing party adequate opportunity to address the issue and present relevant evidence at trial." *In re Minnick* at ¶ 12. Therefore, where a shared parenting plan is not filed within the statutory

deadline, the critical inquiry is whether a party had an adequate opportunity to respond to the plan. *Gould* at ¶ 6, citing *Harris* at 674.

{¶ 15} Although Father filed his proposed shared parenting plan only one day prior to the hearing on the issue of parental rights and responsibilities, we find that Mother's due process rights were not violated as she had an opportunity to address the proposed plan and present relevant evidence at the December 12, 2017 hearing. Mother specifically testified at the hearing that she was opposed to shared parenting and desired to be named the sole residential parent due to the parties' communication problems and her belief that during their separation, Father "has been motivated by his personal schedule or his finances, not so much the wellbeing of the children." The record also demonstrates that Mother was not prejudiced by the late filing of the proposed plan as she was well aware that throughout the pendency of the case Father desired shared parenting. The issue of shared parenting was discussed by the parties at pretrial hearings and the GAL's initial report, filed in May 2017, discussed and recommended shared parenting. Mother, therefore, cannot demonstrate that the court erred in accepting Father's late-filed proposed shared parenting plan or demonstrate that she was denied due process by the court's consideration of said plan.

{¶ 16} We further find that the trial court did not abuse its discretion in adopting the shared parenting plan proposed by Father. Before adopting the plan, the court considered testimony and evidence it had received regarding the factors set forth in R.C. 3109.04(F)(1) and (F)(2), including the difficulty the parties have in communicating with one another, the parties' love, care, and concern for their children, the parties' desire for involvement in their children's lives and extracurricular activities, the children's adjustment to school and home, and the fact that the parties live in close proximity to one another. Contrary to Mother's assertions, the record supports the trial courts determination that shared parenting is in the children's best interest. We therefore find Mother's arguments to be without merit and

overrule her sole assignment of error.

**{¶ 17}** Judgment affirmed.

S. POWELL, P.J., and RINGLAND, J., concur.