[Cite as *Arroyo v. Walkingstick*, 2023-Ohio-4077.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

ADAM ARROYO

    Appellee

v.

AUDRY WALKINGSTICK

    Appellant

C.A. Nos.    22CA011832
                22CA011897

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    19DU085732

DECISION AND JOURNAL ENTRY

Dated: November 13, 2023

---

FLAGG LANZINGER, Judge

{¶1} Audry Walkingstick (Mother), defendant-appellant, appeals from the judgment of the Lorain County Court of Common Pleas, Domestic Relations Division. This Court affirms in part and reverses in part and remands the matter for further proceedings.

I.

{¶2} Mother and Adam Arroyo (Father) were married in 2016 and had one child together. In March 2019, Father initiated divorce proceedings.

{¶3} In October 2019, the matter was set for trial and the trial court issued a trial preparation order. This order warned that failure to provide a list of all witnesses and a list of all exhibits, within a written pretrial statement at least one week prior to the final pre-trial, could result in sanctions. Possible sanctions included barring witnesses or exhibits.

{¶4} On March 17, 2020, the parties filed joint trial stipulations. The parties agreed that (1) the trial court need not address the equitable distribution of marital assets for the parties; (2)

neither party would pay or receive spousal support; (3) neither party would pay or receive child support; (4) for tax purposes, Father and Mother would claim the child in odd and even years respectively; and (5) both parties would share their child's medical expenses equally, each bearing 50%. Additionally, the joint trial stipulation enumerated two outstanding issues: (1) designation of a residential parent for school purposes, and (2) conditions surrounding interactions with parents' significant others and other individuals.

{¶5}	On April 26, 2021, Father provided his witness and exhibit list to Mother. Though Father filed multiple motions to compel discovery, Mother never provided discovery to Father. Mother provided her witness and exhibit list on August 2, 2021, three days before trial.

{¶6}	As the August 5, 2021, trial date neared, several procedural motions were filed. On July 8, the trial court allowed Mother's attorney to withdraw. On July 20, Father's trial attorney filed a motion in limine and a motion to compel discovery. On July 29, the court received a motion to postpone the trial and a limited notice of appearance from Mother's new trial counsel, contingent on the trial court granting continuance of the trial. The following day, Mother's new trial counsel filed a withdrawal motion, citing his inability to attend the upcoming trial and the court's intention to reject the motion for continuance. On August 2, Father's trial counsel submitted his supplemental witness/exhibit list, and Mother submitted her own lists. On August 3, the trial court denied Mother's motion to continue the trial. On August 4, Father's counsel filed a second motion in limine regarding Mother's discovery non-compliance, seeking to exclude her evidence and witnesses. On August 5, the trial court approved the withdrawal of Mother's new trial counsel.

{¶7}	A three-day trial began on August 5, 2021. Before the start of the trial, the court addressed several matters pertinent to this appeal.

{¶8} Mother decided to represent herself pro se. The trial court inquired about a continuance and the following exchange occurred:

THE COURT: So today, you are basically representing yourself; is that correct?

[MOTHER]: Yes.

THE COURT: Okay. So, although it's always nice to have attorneys, because they have the legal knowledge, the expertise, et cetera, you also have a right to represent yourself.

[MOTHER]: Uh-huh.

THE COURT: That is part of the legal process, you can do that. At this point in time, are you requesting a continuance?

[MOTHER]: No.

THE COURT: Okay. So there is no continuance request. We're going to move forward here.

{¶9} The trial court held a brief discussion on the record regarding Father's motion in limine to exclude evidence due to receiving no discovery and a delayed witness and exhibit list. The court granted the motion, prohibiting presentation of Mother's evidence or witness testimony not provided through discovery. In justifying its decision, the court noted, "although I try to be as helpful as possible when someone is pro se * * * I can't bend the rules. If discovery was requested, * * * and it was provided a day or sometimes even a couple days before trial, that is not sufficient."

{¶10} Relevant to this appeal, the parties orally stipulated that they agreed to shared parenting. They could not agree on the terms of shared parenting. At the time of the trial, no written shared parenting plan had been filed by either party. The trial court ordered the parties to submit written proposed shared parenting plans. The trial court indicated it would adopt one of the proposed shared parenting plans.

{¶11} After these discussions, the trial ensued. Upon the conclusion of the trial, the court ordered both parties to file a written closing argument. The court also reiterated its prior order for the parties to each file a written proposed shared parenting plan. Father did not file a proposed shared parenting plan. Instead, he urged the court to "disregard the stipulation as to a shared parenting plan * * * and give sole legal custody to Father" in his written closing argument. Mother did not file a closing argument or proposed shared parenting plan.

{¶12} On December 10, 2021, the trial court granted the divorce. The divorce decree included a shared parenting plan. Mother now appeals raising four assignments of error for our review.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED PLAINTIFF'S REQUEST TO CONTINUE TRIAL AND PROHIBITED HER FROM CALLING WITNESSES AND PRESENTING EXHIBITS.

{¶13} In her first assignment of error, Mother argues that the trial court abused its discretion when it denied her request to continue the trial. Mother asserts that the trial court rejected her motion for continuance days prior to trial then offered a disingenuous offer to continue the trial during the day of trial. Mother also argues that the trial court abused its discretion when it prohibited her from calling witnesses and presenting exhibits. Mother admits that Father had filed a motion to compel her to respond to his discovery requests. However, Mother asserts that the trial court issued no order providing her with a reasonable deadline for a response, leaving her unaware of her deadline. We disagree.

{¶14} With respect to pro se litigants, this Court has determined:

"[P]ro se litigants should be granted reasonable leeway such that their motions and pleadings should be liberally construed so as to decide the

issues on the merits, as opposed to technicalities. However, a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that he remains subject to the same rules and procedures to which represented litigants are bound. He is not given greater rights than represented parties, and must bear the consequences of his mistakes. This Court, therefore, must hold [pro se appellants] to the same standard as any represented party."

(Alterations sic.) *State v. Goldshtein*, 9th Dist. Summit No. 25700, 2012-Ohio-246, ¶ 6, quoting *Sherlock v. Myers*, 9th Dist. Summit No. 22071, 2004-Ohio-5178, ¶ 3.

**{¶15}** "Waiver is the intentional relinquishment or abandonment of a right * * *." *State v. Payne*, 114 Ohio St. 3d 502, 2007-Ohio-4642, ¶ 23; *see also United States v. Olano*, 507 U.S. 725, 733 (1993). If a party has knowingly waived their rights, barring a finding that the error is structural, this Court will conclude its analysis. *Id.* at ¶ 24.

**{¶16}** At the onset of trial, the court asked Mother, "[a]t this point in time, are you requesting a continuance?" She responded, "[n]o." This Court must hold Mother to the same standard as any represented party. Mother indicated that she was not requesting a continuance. Mother waived her right to a continuance. She cannot now appeal her decision to waive a continuance. We reject Mother's argument regarding the denial to continue trial.

**{¶17}** We must now consider Mother's argument regarding the trial court's ruling to prohibit her from calling witnesses and presenting exhibits. Mother did not provide discovery to Father. Three days before the trial, Mother filed her witness list/exhibit list. On August 4, 2021, Father filed another motion in limine requesting Mother's evidence and witnesses be barred from admission. The next day, the day of trial, the trial court granted Father's motion.

**{¶18}** The purpose of discovery "is to prevent surprise to either party at the trial or to avoid hampering either party in preparing its claim or defense for trial." *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 86 (1985), quoting *Jones v. Murphy*, 12 Ohio St.3d 84, 87 (1984) (Brown,

J., dissenting). "This is accomplished by way of a discovery procedure which mandates a free flow of accessible information between the parties upon request, and which imposes sanctions for failure to timely respond to reasonable inquiries." *Jones* at 86. "The discovery rules give the trial court great latitude in crafting sanctions to fit discovery abuses." *Nakoff v. Fairview Gen. Hosp.*, 75 Ohio St.3d 254, 256 (1996). Thus, "[a] reviewing court's responsibility is merely to review these rulings for an abuse of discretion." *Id.* An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶19} Prior to the start of trial, the court addressed both parties regarding discovery and the filing of a pretrial statement that contained a witness and exhibit list. The trial court barred Mother's evidence and witnesses from admission because Mother failed to provide discovery. Additionally, Mother failed to respond to multiple motions to compel discovery. Given Mother's failure to respond to motions to compel discovery, or to provide discovery prior to trial, we cannot conclude that this is one of the rare cases where the court's decision constitutes an abuse of discretion.

{¶20} Additionally, Mother provided her exhibit list and witness list three days before the trial. In the trial preparation order, she was warned of potential sanctions for failing to provide a pretrial statement, containing an exhibit list or witness list, at least one week prior to the final pre-trial. Given Mother's failure to provide a witness list or exhibit list within the designated deadline, we cannot conclude that the trial court abused its discretion.

{¶21} We reject Mother's argument that the trial court erred when it prohibited her from calling witnesses or presenting evidence not provided in discovery.

{¶22} Mother's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO MAKE FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING CUSTODY, PAREN[TI]NG TIME AND SUPPORT.

{¶23} In Mother's second assignment of error, she argues that neither party filed a written proposed shared parenting plan and therefore it was improper for the trial court to adopt a shared parenting plan. We agree.

{¶24} Under R.C. 3109.04(A)(1), if neither parent requests shared parenting in writing, then a trial court, "in a manner consistent with the best interest of the children, shall allocate the parental rights and responsibilities for the care of the children primarily to one of the parents, designate that parent as the residential parent and the legal custodian of the child, and divide between the parents the other rights and responsibilities for the care of the children." If a shared parenting plan is not filed, the court shall not adopt one. *Robbins v. Robbins*, 12th Dist. Brown No. CA94-09-011, 1995 WL 367192, *2 (June 19, 1995). The statute does not permit the trial court to *sua sponte* create a shared parenting plan when neither party requests shared parenting. *Davis v. Davis*, 4th Dist. Pickaway No. 99CA630, 2000 WL 1281216, *5 (Sept. 5, 2000); *Piwinski v. Piwinski*, 8th Dist. Cuyahoga No. 73956, 1999 WL 148483, *2 (Mar. 18, 1999). In any case where a shared parenting motion and plan is not filed by either party, the trial court must allocate parental rights by naming one party the residential parent and legal custodian and awarding reasonable visitation to the other party. *Swope v. Cooper*, 10th Dist. Franklin No. 00AP-154, 2000 WL 1664873, *7 (Nov. 7, 2000).

{¶25} If proposed shared parenting plans are received from the parents, the procedure which the court must follow is set forth at R.C. 3109.04(D)(1)(a). A court may determine that one of the submitted plans is in the best interest of the children and adopt that plan verbatim. *Id*. Barring

adoption of one of the submitted plans, however, a court may only make suggestions for modification of the plans to the parties. *Id*. If the parties do not make appropriate changes or if the court is not satisfied with the changes that are resubmitted following the suggestions for modification, then the court may deny the request for shared parenting of the children. *Id*. The statute does not give the court authority to create its own shared-parenting plan. *McClain v. McClain*, 87 Ohio App.3d 856, 857 (9th Dist.1993). A satisfactory plan must be filed with the court for adoption; otherwise, the court will not adopt any plan. R.C. 3109.04(D)(1)(b).

{¶26} Here, neither party submitted a proposed shared parenting plan. Father submitted a written closing statement requesting the court to disregard the parties' stipulation for shared parenting and grant Father sole legal custody. Mother did not submit a written closing argument or shared parenting plan. The court-ordered plan was the court's own creation. It was, therefore, in violation of R.C. 3109.04. We reverse and remand the matter so that the trial court can set forth findings consistent with our analysis that further permits our review. Mother's second assignment of error is sustained on that basis.

### ASSIGNMENT OF ERROR III

> THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ARBITRARILY RESTRAINED MOTHER'S BOYFRIEND FROM BEING AROUND THE MINOR CHILD WHEN NO EVIDENCE OF ACTUAL HARM TO THE CHILD WAS PRESENTED.

{¶27} In light of this Court's disposition of Mother's second assignment of error, Mother's third assignment of error is premature at this time and is overruled on that basis.

### ASSIGNMENT OF ERROR IV

> THE TR[IA]L [COURT] ABUSED ITS DISCRETION IN DENYING DEFENDANT'S TIMELY MOTION FOR NEW TRIAL[.]

**{¶28}** In her fourth assignment of error, Mother sets forth a one sentence argument. Her argument attempts, through incorporation by reference, to direct this Court to her motions, affidavits, and evidence/testimony presented at the hearing in support of a new trial.

**{¶29}** We decline to address the merits of this assignment of error because Mother has failed to make an argument in accordance with App.R. 16(A)(7), which requires "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." *See also* App.R. 12(A)(2) ("The [C]ourt may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)"). Moreover, Loc.R. 16(A), formerly Loc.R. 7(B), "clearly requires that an appellant argue his case before this [C]ourt in the brief, rather than simply refer the [C]ourt elsewhere.'" *In re C.M.*, 9th Dist. Summit Nos. 23606, 23608, and 23629, 2007-Ohio-3999, ¶ 53, quoting *Western Res. Logistics v. Hunt Mach. & Mfg. Co.*, 9th Dist. Summit No. 23124, 2006-Ohio-5070, ¶ 12, citing *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998) ("If an argument exists that can support this assignment of error, it is not this [C]ourt's duty to root it out"). This Court has held that "[p]arties cannot simply incorporate by reference arguments that they made to the trial court in their appellate brief." *State ex rel. Midview Local School Dist. Bd. of Edn. v. Ohio School Facilities Comm.*, 9th Dist. Lorain No. 16CA010991, 2017-Ohio-6928, ¶ 20, *citing Deutsche Bank Natl. Trust Co. v. Taylor*, 9th Dist. Summit No. 28069, 2016-Ohio-7090, ¶ 14, fn. 1.

**{¶30}** Accordingly, Mother's fourth assignment of error is overruled.

### III.

{¶31} Mother's first and fourth assignment of error are overruled. Mother's second assignment of error is sustained. Mother's third assignment of error is overruled on the basis that it is premature. The judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, is affirmed in part, reversed in part, and the cause is remanded for further proceedings consistent with this decision.

> Judgment affirmed in part,
> reversed in part,
> and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

———

JILL FLAGG LANZINGER
FOR THE COURT

HENSAL, P. J.
CARR, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

JAMES V. BARILLA, Attorney at Law, for Appellant.

MICHAEL J. TONY, Attorney at Law, for Appellee.