**[Cite as *Silmi v. Assad*, 2026-Ohio-874.]**

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

MAHIR SILMI

    Appellee

    v.

DEENA ASSAD

    Appellant

C.A. Nos.     24CA012106
                24CA012183

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.     22DU091094

DECISION AND JOURNAL ENTRY

Dated: March 16, 2026

FLAGG LANZINGER, Presiding Judge.

**{¶1}** Defendant-Appellant, Deena Assad appeals the judgments of the Lorain County Court of Common Pleas Domestic Relations Division. This Court reverses and remands.

I.

**{¶2}** Assad and Plaintiff-Appellee, Mahir Silmi, were married June 8, 2019. One minor child was born of the marriage.

**{¶3}** In April 2022, Assad traveled with the child to Texas and did not return. On July 26, 2022, Silmi filed a complaint for divorce. Although Assad was properly served with the complaint, she did not file an answer. Nonetheless, Assad participated in the divorce proceedings. The matter proceeded through the discovery process and a trial was conducted over three days in August, September, and October of 2023. Following trial, the trial court ordered the parties to submit proposed judgment entries by November 1, 2023.

**{¶4}** On December 11, 2023, the trial filed an order stating that neither party had submitted a proposed entry and granted the parties until December 29, 2023, to do so. Neither party filed their respective proposed entry. However, it appears from the record that each party submitted a proposed judgment entry to the trial court via email on or before December 29, 2023.

**{¶5}** On March 7, 2024, the trial court filed a judgment entry for divorce granting the parties a divorce from each other. The judgment entry provided for the division of the parties' assets and debts and adopted a proposed shared parenting plan purportedly submitted by Silmi.

**{¶6}** On March 8, 2024, with consent of the parties, the trial court filed the parties' respective proposed judgment entries. Attached to Silmi's proposed judgment entry was a proposed shared parenting plan.

**{¶7}** On April 5, 2024, Assad filed a notice of appeal of the March 7, 2024 judgment entry for divorce. On April 11, 2024, Assad filed a motion for a new trial. In her motion, Assad asserted she was entitled to a new trial because (1) the trial court lacked authority to issue a shared parenting plan, and (2) the trial court failed to value the parties' property before providing for a division of property.

**{¶8}** Assad filed a motion in this appeal requesting this Court stay the appeal and remand the matter for the trial court to rule on Assad's motion for new trial. This Court granted the motion.

**{¶9}** On October 24, 2024, the trial court denied Assad's motion for new trial. Assad also appealed the October 24, 2024 judgment entry. This Court consolidated Assad's appeals.

**{¶10}** Assad raises three assignments of error.

II.

## ASSIGNMENT OF ERROR I

**THE TRIAL COURT'S ALLOCATION OF PARENTAL RIGHTS AND RESPONSIBILITIES [IS] CONTRARY TO LAW AND CONSTITUTES AN ABUSE OF DISCRETION.**

{¶11} In her first assignment of error, Assad contends the trial court erred by adopting Silmi's shared parenting plan because the plan was not filed in compliance with the time requirements of R.C. 3109.04(G). In the alternative, Assad contends the trial court's allocation of parental rights and responsibilities was an abuse of discretion and not in the best interests of the child. We agree that the trial court erred in adopting Assad's proposed shared parenting plan.

{¶12} "Generally, an appellate court reviews a trial court's decision on custody matters pursuant to an abuse of discretion standard of review." *Syverson v. Syverson*, 2009-Ohio-6701, ¶ 7 (9th Dist.), citing *Miller v. Miller*, 37 Ohio St.3d 71, 74 (1988). "However, the question of whether the trial court complied with statutory mandates in adopting a shared parenting plan is a question of law." *Syverson* at ¶ 7. "This Court reviews questions of law under a de novo standard of review." *Id.* "When reviewing a matter de novo, this Court does not give deference to the trial court's decision." *Id.*

{¶13} R.C. 3109.04(G) provides that either parent in a divorce proceeding with a child may file a pleading or motion requesting the trial court grant both parents shared parental rights and responsibilities for the care of the child. If such a pleading or motion is filed, the rule requires the parent to also file a plan for the exercise of shared parenting that includes factors relevant to the care of the children. *See id.* Finally, the rule requires the plan for shared parenting be filed "at a time at least thirty days prior to the hearing on the issue of the parental rights and responsibilities

for the care of the children" if the question of such rights and responsibilities arises out of the action for divorce. *See id.*

{¶14} This Court has previously held that "'[t]he requirement in R.C. 3109.04(G) that a shared parenting plan must be filed at least thirty days prior to the hearing on parental rights and responsibilities is directory, not mandatory.'" *Gould v. Gould*, 2017-Ohio-7047, ¶ 6 (9th Dist.), quoting *Harris v. Harris*, 105 Ohio App.3d 671, 674 (2d Dist. 1995). This Court further stated, "[t]his provision is not intended to divest the trial court of a reasonable degree of flexibility in considering shared parenting plans, and a trial court, within its discretion, may relieve a party of the statutory deadline and grant a request to file a plan within thirty days of a hearing." *Gould* at ¶ 6 (collecting cases). "However, the statutory deadline does implicate the right to due process, and the critical inquiry is thus whether a party had an adequate opportunity to respond to the plan." *Id.*

{¶15} This Court has previously recognized that "[s]ending a shared parenting plan to the court via email would not satisfy the requirements of R.C. 3109.04(G)." *Syverson*, 2009-Ohio-6701 at ¶ 10. "If a shared parenting plan is not filed, the court shall not adopt one." *Arroyo v. Walkingstick*, 2023-Ohio-4077, ¶ 24 (9th Dist.).

{¶16} Here, a review of the record shows Assad did not have an adequate opportunity to respond to Silmi's proposed shared parenting plan. The record shows Silmi never filed the proposed shared parenting plan. Rather, it appears from the record that Silmi submitted his proposed shared parenting plan to the trial court via email more than two months after the trial concluded. The trial court then filed Silmi's proposed shared parenting plan the day after it filed the judgment entry of divorce. Although the trial court ordered the parties to submit proposed judgment entries following the trial, the trial court did not order the parties to submit proposed

shared parenting plans and neither party requested leave to do so. Additionally, Silmi's complaint for divorce did not request the trial court grant a shared parenting plan and no proposed parenting plan was attached. Instead, Silmi's complaint for divorce expressly prays for "an award of primary physical custody and a determination of parental rights for the minor child[.]"

{¶17} Under the circumstances here, we conclude that Assad was deprived of due process because she did not receive adequate notice and opportunity to respond to Silmi's proposed shared parenting plan. *See Gould*, 2017-Ohio-7047, at ¶ 6 (9th Dist.). In light of this determination, we further conclude that Assad's alternative arguments related to the trial court's allocation of parental rights and responsibilities are not yet ripe for review, and we decline to address them.

{¶18} Assad's first assignment of error is sustained.

## ASSIGNMENT OF ERROR II

**THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY FAILING TO FULLY IDENTIFY VALUE MARITAL PROPERTY IN ITS DIVISION OF PROPERTY.**

{¶19} In her second assignment of error, Assad contends the trial court erred and abused its discretion when it failed to value the parties' marital assets before dividing them between the parties. We agree.

{¶20} The distribution of assets in a divorce proceeding is governed by R.C. 3105.171. R.C. 3105.171(C) requires a trial court to divide marital property equally except to the extent that an equal division would be inequitable. "The trial court maintains 'broad discretion when fashioning its division of marital property.'" *Barlow v. Barlow*, 2009-Ohio-3788, ¶ 13 (9th Dist.), quoting *Bisker v. Bisker*, 69 Ohio St.3d 608, 609 (1994). "Our review is limited to a determination of whether the trial court's division of property amounted to an abuse of discretion." *Fletcher v. Fletcher*, 1995 WL 29008, *2 (9th Dist. Jan. 25, 1995). An abuse of discretion is more than an

error in judgment and implies that the court's judgment was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶21} On appeal, Assad contends the trial court failed "to place a value on any of the marital property that was identified and divided, including [Silmi]'s business interests." "As this Court has recognized, trial courts have a duty to determine the value of all marital assets when fashioning a property distribution." *Schoch v. Schoch*, 2019-Ohio-1394, ¶ 25 (9th Dist.), citing *Wenger v. Wenger*, 2003-Ohio-5790, ¶ 18 (9th Dist.). "'[A] trial court is not privileged to omit valuation altogether.'" *Schoch* at ¶ 25, quoting *Willis v. Willis*, 19 Ohio App.3d 45, 48 (11th Dist. 1984). "When a trial court does so, it may affect the entire division of property, and when valuation is omitted, this Court cannot effectively review the property division." *Schoch* at ¶ 25. "'If the parties fail to present evidence regarding an asset's value, the trial court should instruct the parties to submit such evidence.'" *Id.*, quoting *Wenger* at ¶ 18.

{¶22} A review of the judgment entry of divorce confirms the trial court distributed the majority of the parties' assets without first determining the assets' value. Although Assad's appellate counsel suggested at oral argument that the trial court may have determined the parties' marital business had a de minimis value, a review of the judgment entry shows the trial court failed to determine any valuation for the business. The trial court did value the parties' marital debt before division. *See Mullen v. Mullen*, 2017-Ohio-77, ¶ 11 (9th Dist.) (recognizing that although the allocation of debt is not specifically addressed in R.C. 3105.171, the division of property also includes marital debt). Nonetheless, we conclude the trial court abused its discretion when it provided for the distribution of the parties' property without first determining the property's value.

{¶23} Assad's second assignment of error is sustained.

**ASSIGNMENT OF ERROR III**

**THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY DENYING THE APPELLANT'S MOTION FOR NEW TRIAL.**

**{¶24}** In her third assignment of error, Assad contends the trial court erred when it denied her motion for a new trial because the trial court erred as a matter of law in adopting Silmi's proposed shared parenting plan. In light of our resolution of Assad's first assignment of error, we agree.

**{¶25}** Assad's third assignment of error is sustained.

III.

**{¶26}** Assad's first, second, and third assignments of error are sustained. The judgments of the Lorain County Court of Common Pleas, Domestic Relations Division are reversed and this cause is remanded for further proceedings consistent with this decision.

Judgments reversed,
cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
JILL FLAGG LANZINGER
FOR THE COURT

SUTTON, J.
CONCURS.

CARR, J.
CONCURRING IN PART, AND DISSENTING IN PART.

{¶27} I respectfully dissent in regard to the majority's resolution of the first and third assignments of error as I believe that Assad forfeited any challenge to the trial court's adoption of Silmi's shared parenting plan. When both parties were delayed in filing their proposed judgment entries, the trial court extended the filing deadline and both parties then submitted their proposals via email. Silmi's proposed entry included a shared parenting plan. Assad's proposed entry did not. Prior to filing its judgment entry, the trial court realized that, while both parties had emailed their proposed judgment entries, those proposals had not been filed with the clerk. The trial court emailed the parties and sought permission to file the proposed entries with the clerk. Both parties gave their consent. The trial court subsequently incorporated Silmi's shared parenting plan into its judgment entry. As Assad never objected to the filing of the shared parenting plan prior to filing a post-judgment motion for new trial, I would hold that she has forfeited any challenge to the shared parenting plan on appeal. I concur with respect to the second assignment of error.

APPEARANCES:

NICOLE A. CRUZ, Attorney at Law, for Appellant.

MAHIR SILMI, pro se, Appellee.