OPINION
{¶ 1} The defendant-appellant, Kathy A. Siefker ("Kathy"), appeals the judgment of the Putnam County Common Pleas Court, Domestic Relations Division naming the plaintiff-appellee, Brian R. Siefker ("Brian"), legal custodian and residential parent of the parties' children; awarding the federal income tax dependency exemption for the parties' children to Brian; denying her request for spousal support; and adopting the parties' property settlement agreement.
 {¶ 2} The parties were married on June 6, 1998, and three sons were born as issue of the marriage. Brian filed a complaint for divorce on February 11, 2005.[1] The trial court held a final divorce hearing on December 20, 2005. Brian testified on his own behalf, presented testimony from seven other witnesses, and moved nine exhibits into evidence. Kathy testified on her own behalf and presented testimony from seven other witnesses. The trial court filed its judgment entry on January 17, 2006. Kathy appeals the trial court's judgment and asserts the following assignments of error:
The Trial Court erred by not making proper statutory findingswith regards of [sic] the best interest [sic] of the children inawarding Appellee status as residential parent.
 The Trial Court erred in [a]warding Appellee the [f]ederal taxexemptions for the parties' minor children.
 The Trial Court erred by failing to award the Appellant areasonable and appropriate amount of spousal support for anindefinite length of time or for a longer fixed period of time.
 The Trial Court erred in failing to identify value and dividemarital property equitably between the spouses.
 {¶ 3} In the first assignment of error, Kathy contends the trial court should have considered her role as primary care-giver for approximately one year while Brian was on active duty in Iraq when it determined custody. Kathy essentially contends the trial court's judgment is not supported by competent and credible evidence; however, she also argues that the trial court did not consider the factors set forth in R.C. 3109.04(F)(1)(a)-(j). In response, Brian contends there is competent and credible evidence to support the trial court's determination. Brian argues that the trial court "reviewed the guardian ad litem report and recommendation subject to Revised Coded [sic] 3109.04(F)(2)(e), took into account all testimony and exhibits, and * * * specifically made a determination as to the best interests of the minor child[ren]."
 {¶ 4} In making an initial custody award pursuant to R.C.3109.04(A), the trial court must determine the children's best interests, considering the non-exclusive list of factors set forth in R.C. 3109.04(F)(1)(a)-(j). The court has broad discretion in making its determination, which will not be disturbed on appeal absent an abuse of discretion. Shaffer v.Shaffer, 3rd Dist. No. 11-04-22, 2005-Ohio-3884, at ¶ 10
(citing Davis v. Flickinger (1997), 77 Ohio St.3d 415, 418,674 N.E.2d 1159). An "`abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 271, 219, 450 N.E.2d 1140
(quoting State v. Adams (1980), 62 Ohio St.2d 151, 157,404 N.E.2d 144 (internal citations omitted)).
 {¶ 5} A court speaks through its journal entry; therefore, statements made by a trial court at a final hearing are not its judgment. At the final hearing, the court stated, "[t]he Court * * * is finding that it is in the best interest of that [sic] the minor children be placed with the plaintiff, Brian Siefker, and the Court is designating the plaintiff as the residential parent of the minor children." Hearing Tr., Mar. 24, 2006, 134:7-11. In its judgment entry, the court wrote: "[i]t would be in the best interest[s] of the parties [sic] minor children that the father, Brian Siefker, be designated sole residential parent and legal custodian." J. Entry, Jan. 17, 2006, at ¶ 2.
 {¶ 6} Pursuant to Civ.R. 52, a trial court may enter general judgment for the prevailing party. If a party requests findings of fact and conclusions of law, the trial court is required to make them. Civ.R. 52; State ex rel. Papp v. James,69 Ohio St.3d 373, 1994-Ohio-86, 632 N.E.2d 889. In this case, Kathy did not request findings of fact and conclusions of law under Civ.R. 52. Therefore, we must "presume the regularity of the proceedings at the trial level." Bunten v. Bunten (1998),126 Ohio App.3d 443, 447, 710 N.E.2d 757 (citing Civ.R. 52; Scovanner v. Toelke
(1928), 119 Ohio St. 256, 163 N.E. 493, at paragraph four of the syllabus). As long as the trial court's judgment is supported by some competent and credible evidence, we must affirm. Id.
 {¶ 7} In this case, the testimony is not so one-sided as to demonstrate that either party is a "bad" parent. There is evidence in the record that Kathy has a low stress threshold, she has yelled at the children, and, at times, she has been absorbed in her own activities and has ignored the children. (Hearing Tr., Mar. 24, 2006, 52-53). However, there is also evidence that Brian has yelled at the children, and that at times, he has been absorbed in an activity of his own and has ignored the children. (Id. at 106-107). The parties stipulated that Kathy had been arrested for domestic violence after poking Brian with a pen and leaving two, small red marks on his back, without breaking the skin or drawing blood. (Id. at 45). The reporting officer testified that Brian had taken the telephone off of Kathy and "grabbed" her prior to the poking, but he was unsure as to whether Kathy had been convicted. (Id. at 44:6; 46). The incident occurred approximately one month after Brian filed for divorce. Brian was the only person to testify that Kathy had been convicted of domestic violence. (Id. at 68:18).
 {¶ 8} As to the children's educations, the evidence is clear that Kathy has a learning disability, which renders her unable to assist the children with their homework, even at the first-grade level. Two teachers and the school principal testified concerning the children's educations. The testimony reveals that both parents want to help their oldest child, Isaac, improve at school; that Isaac's "self-confidence" and "posture" improved since Brian's return from Iraq; that the children are excited when their dad picks them up from school; that the children expressed to the teachers that they missed their dad while he was in Iraq; and that Kathy had sought help at the school for Isaac. (Id. at 7-8; 9; 12; 22; 27). While each of the educators testified that Brian would be a better parent from the educational perspective, each witness' opinion was apparently based in part on Brian being more cooperative than Kathy. While neither party introduced expert testimony to explain why the boys' posture and self-confidence improved after Brian returned from Iraq, the trial court would not have abused its discretion in attributing those changes to Brian's tutelage. The trial court had to make a determination as to the children's best interests, and we find some competent and credible evidence in this record to support the trial court's order. The first assignment of error is overruled.
 {¶ 9} In the second assignment of error, Kathy contends the trial court awarded the federal income tax exemptions under R.C.3119.82 to Brian without making any findings or considering any of the factors. In response, Brian contends the trial court did not abuse its discretion in awarding him the tax exemptions since he will provide medical insurance for the children and since he is in a higher tax bracket than Kathy. A court's decision in awarding the federal income tax dependency exemption is governed by R.C. 3119.82, which states in pertinent part:
[w]henever a court issues * * * a court child support order,it shall designate which parent may claim the children who arethe subject of the court child support order as dependents forfederal income tax purposes as set forth in section 151 of the"Internal Revenue Code of 1986," 100 Stat. 2085, 26 U.S.C. 1, asamended. * * * If the parties do not agree, the court, in itsorder, may permit the parent who is not the residentialparent and legal custodian to claim the children as dependentsfor federal income tax purposes only if the courtdetermines that this furthers the best interest of thechildren * * *. In cases in which the parties do not agree whichparent may claim the children as dependents, the court shallconsider, in making its determination, any net tax savings,the relative financial circumstances and needs of the parents andchildren, the amount of time the children spend with each parent,the eligibility of either or both parents for the federal earnedincome tax credit or other state or federal tax credit, and anyother relevant factor concerning the best interest of thechildren.
(emphasis added).
 {¶ 10} R.C. 3119.82 directs trial courts to award the tax exemption to the residential parent. However, the court may
award the exemptions to the non-residential parent if doing so is in the best interests of the children. This court has previously held that "the trial court is not required to engage in any analysis under [R.C. 3119.82] unless it chooses to award the tax exemption to the non-residential parent." Fisher v. Fisher,
3rd Dist. No. 7-05-03, 2005-Ohio-5615, at ¶ 25 (citing R.C.3119.82). Because the trial court designated Brian as the residential parent, it properly awarded the income tax exemption to him without making findings of fact. The second assignment of error is overruled.
 {¶ 11} In the fourth assignment of error, Kathy concedes that a trial court "is under no duty to assess whether the terms of a property settlement agreement are equitable", but she contends the court has a duty to assess whether the parties entered into the agreement voluntarily. Kathy argues the trial court did not inquire as to whether she voluntarily agreed to the property settlement. In response, Brian argues that property settlement agreements are enforceable, unless they were "procured by fraud, duress, overreaching, or undue influence." Brian contends that an agreement entered into in the court's presence is automatically binding.
 {¶ 12} A trial court has broad discretion to equitably divide marital property. Martin v. Martin (1985), 18 Ohio St.3d 292,294, 480 N.E.2d 1112 (citing Berish v. Berish (1982),69 Ohio St.2d 318, 432 N.E.2d 183). Therefore, the trial court's determination will not be disturbed on appeal absent an abuse of discretion. Id. at 294-295 (internal citations omitted). Generally, a trial court is bound to divide marital assets pursuant to R.C. 3105.171. However, if the parties reach a property settlement agreement, the court may not assess whether the property division is equitable. See Thomas v. Thomas
(1982), 5 Ohio App.3d 94, 97-98, 449 N.E.2d 478 (citing Cherryv. Cherry (1981), 66 Ohio St.2d 348, 421 N.E.2d 1293).
 {¶ 13} In Thomas, counsel read the parties' property agreement into the record, and "both counsel stated to the court that this did form the basis of a settlement of the division of property". Id. at 97. The court found that the property settlement agreement was a final agreement because each party was represented by counsel, counsel dictated the terms of the agreement into the record, and the appellant did not indicate his dissent to the property division. Id. The matter before us is similar to Thomas. Kathy's counsel recited the terms of the agreement on the record. (Hearing Tr., at 78-79). Brian's attorney concurred that the recitation was the agreement of the parties, and the trial court stated: "[v]ery well. That portion of the agreement is approved by the Court and will be adopted as an order of the Court, should there be a grant of divorce here today." (Id. at 79). As in Thomas, Kathy did not rise to indicate her dissent to the property settlement agreement. In her brief, Kathy does not raise any objection other than the trial court's failure to ask her specifically if she agreed with the terms her counsel read into the record. On these facts, we cannot find the trial court abused its discretion. The fourth assignment of error is overruled.
 {¶ 14} In the third assignment of error, Kathy contends the trial court abused its discretion in summarily denying her request for spousal support because the court did not consider the factors set forth in R.C. 3105.18(C). Brian contends Kathy failed to produce any evidence concerning her need for, or his ability to pay, spousal support. Brian argues the court was not required to consider factors where there is no evidence to support them, and therefore, the trial court did not abuse its discretion.
 {¶ 15} Absent an abuse of discretion, we will not reverse a trial court's determination as to spousal support. Heitzman v.Heitzman, 3rd Dist. No. 3-05-11, 2005-Ohio-4622, at ¶ 3
(citing McConnell v. McConnell, 3rd Dist. No. 14-03-37,2004-Ohio-1955). "`As part of a divorce proceeding, a trial court has equitable authority to divide and distribute the marital estate, and then consider whether an award of sustenance alimony would be appropriate.'" Id. quoting (Kunkle v. Kunkle (1990),51 Ohio St.3d 64, 67, 554 N.E.2d 83).
 {¶ 16} In determining whether spousal support is "appropriate and necessary" trial courts must consider "all the factors listed in R.C. 3105.18(C)(1)". Lee v. Lee, 3rd Dist. No. 17-01-05, 2001-Ohio-2245, at * 1. "Additionally, specific findings must be made by the trial court to enable a reviewing court to determine the reasonableness of its order to grant or deny a request for spousal support and that the relevant factors within R.C. 3105.18
were considered. Id. (citing Kaechele v. Kaechele (1988),35 Ohio St.3d 93, 96-97, 518 N.E.2d 1197) (emphasis added). Although a court is not required to enumerate each factor of R.C.3105.18(C)(1), in this case, the trial court gave no indication it had considered any statute, and it did not make a determination that spousal support was unnecessary or unreasonable. Instead, the trial court noted, "[n]o spousal support is to be paid by either party." J. Entry, at ¶ 7. However, we again find some competent and credible evidence to support the trial court's findings.
 {¶ 17} The record indicates that Kathy worked full-time before the marriage, Kathy sporatically worked during the marriage, and Kathy has graduated high school and has attained some college education. (Hearing Tr., at 72; 107-108). However, the evidence also shows that Kathy has learning disabilities, apparently to the extent that she is unable assist her children with their elementary school assignments. (Id. at 66-67). The evidence indicates that Brian earns approximately $35,000 per year, and he testified that his monthly expenses are more than his monthly income. (Id. at 70-72; 81-84). Meanwhile, Kathy makes only $7.00 per hour, working between 18 and 20 hours per week cleaning at the Red Pig Inn. (Id. at 98-99). Therefore, we find some support for the trial court's judgment. The third assignment of error is overruled.
 {¶ 18} The judgment of the Putnam County Common Pleas Court, Domestic Relations Division is affirmed.
Judgment affirmed.
 Cupp, J., concurs.
 Rogers, J., concurs in judgment only.
[1] Brian filed the complaint before he returned to the United States from serving a tour of duty in Iraq. The record indicates that Brian did not return to the United States until March 2005.