OPINION
{¶ 1} Plaintiff-appellant, Tamatha Franck (hereinafter "Tamatha"), appeals the judgment of the Mercer County Common Pleas Court of failing to award spousal support. For the reasons that follow, we affirm.
 {¶ 2} On August 11, 1992, Tamatha Franck and Ronald Franck were married. The parties have two children. On June 30, 2006, Tamatha filed a divorce complaint.
 {¶ 3} A hearing was held before the magistrate. On June 5, 2007, the magistrate's decision was filed. The magistrate found that no spousal support should be exchanged. (magistrate's decision, June 5, 2007, conclusions of law, ¶ 14). Tamatha filed objections to the magistrate's decision, and a supplement to her objections.
 {¶ 4} On September 18, 2007, the trial court filed its order on the objections to the magistrate's decision, and the trial court approved the magistrate's decision. On September 25, 2007, the trial court filed the divorce decree.
 {¶ 5} It is from this judgment that Tamatha appeals and asserts two assignments of error for our review. *Page 3 
 ASSIGNMENT OF ERROR NO. I The Trial Court erred in failing to award maintenance spousal support to the Appellant.
 {¶ 6} In her first assignment of error, Tamatha argues that the trial court's failure to award spousal support was unfair, inequitable, and an abuse of discretion.
 {¶ 7} A trial court's determination regarding spousal support is reviewed under an abuse of discretion. Siefker v. Siefker, 3d Dist. No. 12-06-04, 2006-Ohio-5154, at ¶ 15, citations omitted. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore, 5 Ohio St.3d 217,219, 450 N.E.2d 1140, citations omitted.
 {¶ 8} When determining whether spousal support is appropriate, the trial court must consider the factors listed in R.C. 3105.18(C)(1). R.C.3105.18; Lee v. Lee, 3d Dist. No. 17-01-05, 2001-Ohio-2245, at *2. Although the trial court must consider the factors listed in R.C.3105.18(C)(1), this court has held that the trial court's failure to "`specifically enumerate' those factors does not constitute reversible error.'" Lee, 2001-Ohio-2245, *2, quoting Moore v. Moore (June 18, 1999), Van Wert App. No. 15-98-22, unreported.
 {¶ 9} R.C. 3105.18 provides:
 (C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and *Page 4 terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 (a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
 (b) The relative earning abilities of the parties;
 (c) The ages and the physical, mental, and emotional conditions of the parties;
 (d) The retirement benefits of the parties;
 (e) The duration of the marriage;
 (f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 (g) The standard of living of the parties established during the marriage;
 (h) The relative extent of education of the parties;
 (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 (j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought; *Page 5 
 (l) The tax consequences, for each party, of an award of spousal support;
 (m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 (n) Any other factor that the court expressly finds to be relevant and equitable.
 {¶ 10} In its decision, the magistrate considered the factors listed in R.C. 3105.18 and determined that "[n]o spousal support should be exchanged between the parties." (magistrate's decision, June 5, 2007, conclusions of law, ¶ 14). The trial court also found that no spousal support should be exchanged. (JE 9/18/07).
 {¶ 11} After reviewing the record, we find that the trial court did not abuse its discretion in determining that spousal support should not be awarded. The magistrate clearly considered all of the statutory factors for awarding spousal support. The trial court also reviewed the factors and found that spousal support should not be exchanged. Although Tamatha makes less money than Ronald, the court considered the relative incomes of the parties. In addition, Tamatha has an associate's degree in social work and has more education than Ronald.
 {¶ 12} Tamatha's first assignment of error is, therefore, overruled. *Page 6 
 ASSIGNMENT OF ERROR NO. II The trial court erred in failing to award the Appellant spousal support to continue her education.
 {¶ 13} In her second assignment of error, Tamatha argues the trial court abused its discretion when it failed to award spousal support so that she could further her education. Tamatha argues that "[w]ith an award of spousal support to continue her education, the [she] would go from a $20,000.00 factory job to a $40,000.00 career."
 {¶ 14} At the hearing, Tamatha testified:
 Q. At this point in time, have you put any further thought into continuing your education?
 A. Yes.
 Q. What thoughts have you given to this?
 A. As soon as I can pull myself back together emotionally, mentally, put the kids in a good space emotionally and mentally, I am going to go back to school if I can swing it. Because where I'm working, it's a factory, you know. It's not what I wanted to do, and it's not ever going to pull down the income that I need to take care of the kids. I'm pretty close to being maxed out there.
 Q. Do you have financial ability to quit your job and attend school full time at this point in time?
 A. No.
 Q. What are your plans, if any, regarding how you will attend school?
 A. Little by little, but I want to do it. I talked to an advisor, and part-time is six credit hours. If I can maintain six credit hours, I can get through a two-year program in four and a half years.
 Q. If you're able to accomplish that, what degree will you hopefully have?
 A. I'd like to go into physical therapy or speech therapy. *Page 7 
 Q. Have you explored whether you can attend school around here or will you have to go elsewhere?
 A. Rhodes College has a program for physical therapist, kind of like an occupational therapist program. That's the one I checked out.
 Q. Do you know what the cost of continuing your education will be?
 A. I did come up with some numbers; and I believe for tuition it was about $10,000, give or take; books about $4,000 give or take.
(Tr. 4/30/07, 58-59).
 {¶ 15} On cross-examination, Tamatha testified that she has neither applied to nor been accepted to Rhodes College. (Id. at 92).
 {¶ 16} After reviewing the record, we cannot find that the trial court abused its discretion by not awarding spousal support for college education. Tamatha testified, "[a]s soon as I can pull myself back together emotionally, mentally, put the kids in a good space emotionally and mentally, I am going to go back to school if I can swing it." (Id. at 58). However, Tamatha has not applied to or been accepted to any college. Tamatha's testimony does not indicate when, if ever, she would actually go to college. Since Tamatha has not even applied or been accepted to any college, we cannot find the trial court abused its discretion by not providing spousal support to pay for college.
 {¶ 17} Accordingly, Tamatha's second assignment of error is overruled. *Page 8 
 {¶ l8} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 SHAW, P.J., and WILLAMOWSKI, J., concur. *Page 1